**Gevorg MARKOSYAN, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 03–72905.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 15, 2005.

Gevorg Markosyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joshua E. Braunstein, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Gevorg Markosyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny this petition for review.

The government contends that because Markosyan's opening brief failed to raise any issues regarding the IJ's adverse credibility determination, he has waived the issue. We agree. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996). The credibility finding is dispositive of the issue whether Markosyan established eligibility for asylum. *See Singh v. Ashcroft,* 367 F.3d 1139, 1142 (9th Cir. 2004) (applicant must establish eligibility for asylum by credible, direct, and specific evidence).

Markosyan also failed to raise, and therefore waived, his claims for withholding of removal and CAT relief. *See id.*

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

